133 F.3d 927
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Humberto LOPEZ-CARRILLO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70463, Aaw-eiv-ras.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Jan. 20, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carlos Humberto Lopez-Carrillo, a native and citizen of Guatemala, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of the immigration judge's denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 3
 We review for substantial evidence the BIA's factual findings underlying its decision that an applicant is ineligible for asylum, see Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995), and will uphold the BIA's decision unless the evidence compels a contrary result, see Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 4
 Substantial evidence supports the BIA's determination that Lopez-Carrillo failed to establish his eligibility for asylum. Lopez-Carrillo testified that he joined the Solidarity Action Movement, a Guatemalan political party, in September, 1990. As a party member, Lopez-Carrillo distributed fliers, calendars and other materials with the party seal. On one occasion, two persons driving by in a car told him to stop putting up signs "if we did not want to have an accident." On another occasion, Lopez-Carrillo received a note advising him to "[s]top that, something could happen to [him]." Lopez-Carrillo, however, did not identify the two persons in the car, with whom they were affiliated or why the threat was made. See Fisher v. INS, 79 F.3d 955, 960 (9th Cir.1996) (en banc) (stating that an applicant must present direct and specific evidence supporting a fear of persecution). Moreover, Lopez-Carrillo did not explain who sent the note or offer any details about the note. See id.
 
 
 5
 Lopez-Carrillo also testified that members of a rival political party killed his brother on February 27, 1991. However, Lopez-Carrillo could only speculate that he was the intended target and that "[t]hey killed [his brother] ... by mistake. My brother looked a lot like me.... [T]he person they were looking for was me." Lopez-Carrillo failed to offer any direct and specific evidence to support his speculation or otherwise connect his brother's death with Lopez-Carrillo's political activities. See id. In light of this record, we cannot conclude that a reasonable factfinder would be compelled to find that Lopez-Carrillo established his eligibility for asylum. See Kazlauskas, 46 F.3d at 905.
 
 
 6
 Because Lopez-Carrillo failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard required for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because petitioner was in deportation proceedings before April 1, 1997, section 309(c) of IIRIRA provides that this court continues to have jurisdiction under 8 U.S.C § 1105a